## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MICKLY MCCOY** ) | | |
| ) | Case Number | |
| Plaintiff ) | | |
| ) | | |
| vs. ) | CIVIL COMPLAINT | |
| ) | | |
| ) | | |
| ) | JURY TRIAL DEMANDED | |
| **NORTHSTAR LOCATION** ) | | |
| **SERVICES, LLC** ) | | |
| Defendant ) | | |
| ) | | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Mickly McCoy, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Mickly McCoy, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office.

### III. PARTIES

4. Plaintiff, Mickly McCoy, is an adult natural person residing at 4637 Kincaid Ave. Norfolk, VA 23502.

5. Defendant, Northstar Location Services, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of New Jersey with a registered office located at 820 Bear Tavern Road, Ewing, NJ 08628 and a principal office at 4285 Genesee Street, Cheektowaga, NY 14225.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or around the middle of August, 2009, Plaintiff began to receive a barrage of abusive telephone calls from Defendant's agents in regards to an alleged consumer debt, namely to Barclays Bank of Delaware.

8. Plaintiff repeatedly explained to Defendant's agents that he was currently unemployed and could not afford to make payments at this time.

9. In the beginning of September, 2009, Plaintiff spoke with Defendant's agent, "Lou Michaels", regarding this matter and set up a payment arrangement to settle this account.

10. Plaintiff had to ask his sister to borrow $2,000 dollars to pay the Defendant.

11. After making payment arrangements, Plaintiff received a call from Defendant's agent, "Tracy", who was very rude and began to threaten Plaintiff.

12. Defendant's agent, "Tracy", told Plaintiff, "You need to settle this right now or you will be arrested". She also said that she was only allowed to make so many settlements a month.

13. Plaintiff explained to Defendant agent, "Tracy", that he was waiting for the check to clear from his sister.

14. Defendant's agent told the Plaintiff that this offer was no longer valid.

15. Later that evening, Defendant's agent, "Tracy", called the Plaintiff on his cell phone while he was driving. Plaintiff explained that this was not a good time for him to talk on the phone and Defendant's agent replied, "Then you need to pull over".

16. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692, d    Any conduct the natural consequence of which is to harass, oppress, or abuse any person.

§§ 1692, d(1)   Used or threatened the use of violence or other criminal means to harm the consumer or his/her property.

§§ 1692, d(5)   Caused the phone to ring or engaged any person in telephone conversations repeatedly.

§§ 1692, e      Any other false, deceptive, or misleading representation or means in connection with the debt collection.

§§ 1692, e(4)   Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment.

§§ 1692, e(5)   Threaten to take any action that cannot legally be taken or that is not intended to be taken.

§§ 1692, f      Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Northstar Location Services, LLC for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: October 1, 2009**         BY: __/s/ *Brent F. Vullings*__
                                  Brent F. Vullings, Esquire
                                  Warren & Vullings, LLP
                                  1603 Rhawn Street
                                  Philadelphia, PA 19111
                                  215-745-9800   Fax 215-745-7880
                                  Attorney for Plaintiff